UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF TENNESSEE and K.O. HERSTON, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 3:04-CV-48 (VARLAN/SHIRLEY) |
| MONROE COUNTY, TENNESSEE, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil action is before the Court on the parties' respective motions for summary judgment [Docs. 34, 37]. The parties dispute whether the defendants' voluntary removal of a display of the Ten Commandments in the Monroe County Courthouse renders the plaintiffs' claims as moot. The Court has carefully reviewed the pending motions and related pleadings [Docs. 35, 36, 38, 39, 40] and considered the authorities cited therein in light of the entire record.

This civil rights action was filed January 28, 2004, in which the plaintiffs challenged the posting of the Ten Commandments in the Monroe County Courthouse as a violation of the Establishment Clause of the First Amendment to the United States Constitution. During the pendency of this litigation, the U.S. Supreme Court granted certiorari in two cases involving Establishment Clause challenges to displays of the Ten Commandments on public property. Following the Supreme Court's ruling in *McCreary Co. v. ACLU*, 125 S. Ct. 2722 (June 27, 2005), the defendants removed the challenged display from county property and

this Court held that plaintiffs' motion for preliminary injunction was moot [*see* Doc. 33].

The defendants argue that the permanent removal of the challenged display has rendered moot plaintiffs' claims for declaratory and injunctive relief. In support of their position, the defendants have submitted the affidavit of J. Allan Watson, the County Mayor of Monroe County, Tennessee [Doc. 35, Ex. A]. Mr. Watson states that, following consultation with legal counsel regarding the recent U.S. Supreme Court decisions regarding public displays of the Ten Commandments, he convened an emergency meeting of the Monroe County Commissioners on July 20, 2005. Upon the advice of counsel, the commission voted to permanently remove from county property the copy of the Ten Commandments which is the subject of this action. [*Id.* at ¶¶ 3-4.] The Ten Commandments display was removed on July 21, 2005 [*Id.* at ¶ 5]. The defendants have also submitted a copy of a July 26, 2005 resolution of the Monroe County Commission in which the removal of the Ten Commandments was "deemed permanent." [Doc. 35, Ex. B.] The defendants contend there is nothing more they could do to render moot the plaintiffs' claims and this case should be dismissed.

Plaintiffs argue that defendants have the heavy burden of persuading this Court that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to occur." [Doc. 36 at p. 2, quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Servs., Inc.*, 528 U.S. 167, 189-90 (2000).] Plaintiffs argue that the history of this litigation and certain public statements by the defendants as reported in area newspapers suggest that the defendants are likely to "revert to their old ways" and repeat their allegedly

2

unconstitutional conduct. [*Id.* at p. 6.] Plaintiffs request that the Court permanently enjoin the defendants from exhibiting the challenged display. [Doc. 37.]

The Court notes, as argued by the defendants, that the newspaper articles cited by the plaintiffs are hearsay and further are not contained in the record. The plaintiffs' alternative argument for the opportunity to take discovery to get the quoted statements properly into evidence is not well taken. Such a course of action would only unnecessarily prolong this litigation at the expense of both parties. The defendants have removed the challenged display and have officially deemed such removal as "permanent." It is unclear what further action the defendants could take to resolve this issue and the plaintiffs' speculation as to the defendants' future conduct is insufficient to justify the continuation of this particular litigation. Accordingly, the Court agrees with the defendants that the issues raised by this case are now moot and the case should be dismissed.

Therefore, for the reasons set forth herein, the defendants' motion for summary judgment will be granted and the plaintiffs' motion for summary judgment will be denied. This case will be dismissed. Order accordingly.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE